## Case No. 11,915.

ROBERTS v. SCHUYLER et al.

[12 Blatchf. 444; 2 Ban. & A. 5.] [1]

Circuit Court, S. D. New York. Feb. 17, 1875.

PATENTS—RESULTS — MECHANISM — BREECH-LOADING FIRE-ARMS—NEW TRIAL—WEIGHT OF EVIDENCE.

1. A patent for an "improvement in breech-loading fire-arms" claimed a combination of three elements, namely, a tapering chamber or cartridge-seat, a suitably constructed and operating breech-piece for closing and opening the breech, and a device for extracting or starting the cartridge-case from the barrel, that is operated by the movement of the breech-piece, made in opening the breech, "substantially as and for the purposes specified:" Held, that the patent did not cover every mechanism which would practically perform the office of starting the cartridge-case from a tapering chamber by the movement of the mechanism employed for opening and closing the breech, but included devices equivalent to those described in the patent, and which respectively performed the same offices, by a mode of operation substantially the same, and in substantially the same way.

2. In an action at law for the infringement of the patent, certain alleged prior inventions were put in evidence by the defendant, to affect the novelty of the invention patented. The jury were instructed, in reference thereto, in accordance with the foregoing construction of the patent, and found a verdict for the plaintiff. On a motion for a new trial, on the ground that the verdict was against the weight of the evidence: Held, that, although the court might have arrived at a different conclusion, the verdict would not be set aside unless the court could see that the jury was palpably mistaken, and that the weight of the evidence was decidedly against their verdict.

[This was a bill in equity by Benjamin S. Roberts against Jacob L. Schuyler and others for the infringement of reissued letters patent No. 3,946, granted to J. Symmes May 3, 1870, the original letters patent, No. 22,094, having been granted November 16, 1858. Heard on motion for a new trial.]

Edward N. Dickerson, for plaintiff.

Charles F. Blake and Benjamin F. Thurston, for defendants.

SHIPMAN, District Judge. Upon the trial of this case to the jury, for an infringement of letters patent, a verdict was rendered for the plaintiff. The defendants thereupon filed

1 [Reported by Hon. Samuel Blatchford, District Judge: reprinted in 2 Ban. & A. 5; and here republished by permission.]

a motion for a new trial, upon the ground that the verdict was against the weight of the evidence and against the charge of the court. The letters patent of the plaintiff, reissued May 3d, 1870, were for an "improvement in breech-loading fire-arms," and the invention, in the language of the patent, related "to that class of breech-loading fire-arms designed and adapted for the use of cartridges having metallic cases, and consists in tapering the bore of the barrel, constituting the cartridge-seat, from the rear end forward, and combining with such tapering cartridge-seat suitable mechanism for opening and closing the breech, and a suitable device for starting or removing the cartridge case, that is operated by the movement of the said opening and closing mechanism." The main difficulty which the patentee desired to obviate was the fact, that the removal of the cartridge shell, after firing, from a cylindrical cartridge-seat, was "rendered difficult by reason of the shell being expanded by the explosion, and made to press against and adhere to the walls of the chamber, rendering it necessary to apply to the shell considerable force continuously until its whole length is removed from the gun." The patentee describes, in his specification and drawings, one mode of constructing a fire-arm embodying his alleged invention, but does not confine himself "to the particular mechanism described for opening and closing the breech, or that for starting the cartridge-case from its seat in the gun. Any other equivalent mechanism may be employed for the purpose, the only essential condition being, that the device used to start the cartridge-shell from its seat in the barrel shall be so connected with the mechanism employed for closing and opening the breech, that it shall be operated and made to start out the cartridge-case by the movement of such mechanism made in opening the breech." The claim, as stated in the letters patent, was for "a tapering chamber or cartridge-seat, in breech-loading fire-arms, when combined with a suitably constructed and operating breech-piece for closing and opening the breech, and a device for extracting or starting the cartridge-case from the barrel, that is operated by the movement of the breech-piece, made in opening the breech, substantially as and for the purposes specified."

Upon the trial of the case, it was admitted, that, if the plaintiff was the first inventor of the improvements specified in the patent, and his patent was valid, the gun which had been sold by the defendant since the date of the reissue contained substantially the combination of devices which was secured by such patent. The controversy turned upon the question, whether the plaintiff was the first inventor of the improvement for which the letters patent were granted. It will be observed, that the patent was for a combination of three elements—a tapering chamber;

a suitable breech-piece for closing and opening the breech; and a device for extracting or starting the cartridge-case, operated by the movement of the breech-piece, made in opening the breech. It did not cover every mechanism which will practically perform the office of starting the cartridge-case from a tapering chamber by the movement of the mechanism employed for opening and closing the breech, but it included devices equivalent to those described in the plaintiff's patent, and which respectively performed the same offices, by a mode of operation substantially the same, and in substantially the same way.

The difficulty which General Roberts sought to obviate had not escaped the attention of previous inventors, who had also constructed devices to overcome the same defects in breech-loading fire-arms, which he desired to avoid. The defendants offered in evidence four structures, each of which contained a combination of tapering chamber, breech-piece, and extractor attached to the breech-piece. It was claimed, that the mechanism of each combination performed the office of starting or removing the cartridge-case from the chamber by the movement of the breech-piece in opening the breech. Each gun which was exhibited by model or drawing to the jury, had a taper chamber, a breech-piece, and a device attached to the breech-piece, which was designed to start or remove the cartridge, and to be operated by the movement of the breech-piece made in opening the breech. The questions before the jury were whether the elements of the combination in either of these structures, each of which antedated the plaintiff's invention, operated in substantially the same way with the mechanism which was described in the plaintiff's patent, and whether some one or all of the previously existing combinations did not accomplish the same result by substantially the same mode of operation, and in substantially the same manner. The jury were instructed, that, if they found in either of the guns to which their attention was called by the defendants, a tapering chamber, a suitably constructed breech-piece for opening and closing such chamber, and a device for extracting or starting the cartridge-case from the chamber, operated by the movement of the breech-piece made in opening the breech, and that the respective elements of such combination operated in substantially the same way, and for the same purpose, as the said elements are described to operate in their combination in the plaintiff's patent, then the plaintiff's patent was invalid. They were also told, that the form of the elements was not material; and that, if the office of each was substantially the same as the office of the corresponding elements in the plaintiff's gun, and operated in substantially the same way, and the combination of the three elements produced the same result,

in substantially the same way, then the plaintiff's patent was invalid. The jury having returned a verdict for the plaintiff, the question is now made by the defendants, that the verdict was contrary to the weight of evidence which was given upon the trial.

It is true, that the same weight is not given by courts to the verdict of a jury upon the validity of a patent, which is justly given to the opinion of a jury upon other questions of fact. The subject-matter involved often requires a patient and quiet examination of different structures, and an investigation of the modes of operation of machinery, for which the hurried and imperfect scrutiny which the jury can give during the trial of a case is sometimes inadequate. The result often depends more upon the examination of machines or structures than upon the testimony of witnesses. And yet, notwithstanding the fact that less weight and authority is given to the decision of a jury in this class of cases than in other civil causes, it is equally true, that the verdict of a jury is not to be set aside merely because the court might have arrived at a different conclusion. Unless the court can see that the jury was palpably mistaken, and that the weight of evidence is decidedly against their verdict, it should not be set aside. Otherwise, the court enters upon the province of the jury, and passes beyond the limits of its own duty. At the same time, "when it is manifest that juries have been warped from the direct line of their duty, by mistake, prejudice, or even by an honest desire to reach the supposed equity, contrary to the law of the case, it will be the duty of the court to set the verdict aside." Cunningham v. Magoun, 18 Pick. 15.

In reviewing the evidence in this case, I have come to the conclusion that I should not seriously differ with the jury in the results at which they arrived upon three of the structures respecting which evidence was introduced by the defendants. In respect to the fourth structure—the gun described in the Newton patent—my own judgment at the trial leaned to a different conclusion from the one indicated in their verdict, but I cannot say that their verdict is against the decided weight of the evidence. The main question upon this part of the case was, whether or not the structure exhibited in the drawings and described in the specifications was useless and inoperative without the exercise of invention upon the part of the one who should undertake to use it—whether it would or would not practically operate to extract the cartridge from the chamber. The question was one upon which triers might fairly differ, and the evidence was conflicting. Upon this part of the case I am of opinion that "the verdict of the jury should be taken as conclusive." Cowing v. Rumsey [Case No. 3,296].

The motion for a new trial is denied.